**RECORD NO. 14-4720**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

BEVERLY ALLEN BAKER,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT RALEIGH

**OPENING BRIEF OF APPELLANT
BEVERLY ALLEN BAKER**

Marilyn G. Ozer
MASSENGALE & OZER
211 North Columbia Street
Chapel Hill, North Carolina 27514
(919) 967-8555
redwood@nc.rr.com

*Counsel for Appellant*

## *TABLE OF CONTENTS*

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ........................................................................... iii

JURISDICTIONAL STATEMENT ................................................................. 1

ISSUE PRESENTED ........................................................................................ 1

STATEMENT OF THE CASE ......................................................................... 2

STATEMENT OF THE FACTS ....................................................................... 3

SUMMARY OF ARGUMENTS ....................................................................... 6

ARGUMENT ..................................................................................................... 6

    **I. THE DISTRICT COURT VIOLATED BAKER'S CONSTITUTIONAL RIGHT TO DUE PROCESS BY ATTRIBUTING TO HER A QUANTITY OF DRUGS BASED ON EVIDENCE WHICH DID NOT BEAR SUFFICIENT INDICIA OF RELIABILITY.** ................................. 6

        A. Standard of Review ............................................................................. 6

        B. Discussion ............................................................................................ 7

            1. Witness Testimony did Not Support The Amounts Attributed To Baker ........................................................................ 7

            2. Sentencing Cannot Be Based On Calculations Of Drug Quantities That Are Merely Speculative ...................................... 9

3. If The Quantities Which Were Not Shown By A Preponderance Of The Evidence Are Not Part Of The Calculation, Baker's Base Level Would Be 34, Not 36.............. 11

CONCLUSION ............................................................................................ 12

STATEMENT REGARDING ORAL ARGUMENT ....................................... 13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*Gall v. United States,* 552 U.S. 38 (2007) ............................................................ 6

*United States v. Baker*, 539 Fed. Appx. 299 (4th Cir. 2013) ....................... 3, 7, 8

*United States v. Bowman*, 926 F.2d 380 (4th Cir. 1991) ........................................ 9

*United States v. Brazel*, 102 F.3d 1120 (11th Cir. 1996) .................................... 10

*United States v. Goff*, 907 F.2d 1441 (4th Cir. 1990) .......................................... 10

*United States v. Hicks,* 948 F.2d 877 (4th Cir. 1991) .................................... 10, 11

*United States v. Jeffers*, 570 F.3d 557 (4th Cir. 2009) .......................................... 6

*United States v. Jones*, 31 F.3d 1304 (4th Cir. 1994) ........................................... 9

*United States v. Llamas*, 599 F.3d 381 (4th Cir. 2010) ........................................ 6

*United States v. Paulino*, 996 F.2d 1541 (3d Cir. 1993) .................................... 10

*United States v. Tucker,* 404 U.S. 443 (1972) ....................................................... 9

*United States v. Uwaeme*, 975 F.2d 1016 (4th Cir. 1992) .................................. 10

*United States v. Watts*, 519 U.S. 148 (1997) ........................................................ 9

*United States v. Williams*, 152 F.3d 294 (4th Cir. 1998) ...................................... 9

*United States v. Zapata*, 139 F.3d 1355 (11th Cir. 1998) ................................... 10

## Statutes

18 U.S.C. § 2 ........................................................................................................2

18 U.S.C. § 3231 ..................................................................................................1

18 U.S.C. § 3742(a) .............................................................................................1

21 U.S.C. § 841(a)(1) .......................................................................................2, 3

21 U.S.C. § 846 ....................................................................................................2

28 U.S.C. § 1291 ..................................................................................................1

## Other Authorities

U.S.S.G. § 6A1.3(a) .............................................................................................9

## Rules

Fed. R. App. P. 4(b) .............................................................................................1

# JURISDICTIONAL STATEMENT

This is a direct appeal of her sentence by the Defendant in a federal criminal case. Jurisdiction was conferred on the United States District Court for the Eastern District of North Carolina by 18 U.S.C. § 3231. Appellate jurisdiction is conferred on this Court by 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. The district court entered amended judgment on September 3, 2014 and the Defendant filed a timely notice of appeal therefrom on September 11, 2013. See Fed. R. App. P. 4(b).

# STATEMENT OF ISSUE PRESENTED FOR REVIEW

I.   The district court calculated Baker's offense level on the basis of incomplete and unreliable information about drug quantity. In light of this procedural error, should Baker's sentence be reversed and the case remanded for a resentencing?

1

## STATEMENT OF THE CASE

On January 4, 2012, a twelve-count indictment was filed in the Eastern District of North Carolina against Beverly Allen Baker. Count One charged a violation of Title 21, United States Code, Sections 841(a)(1) and 846, beginning in or about 2003 and continuing until or about April 14, 2011, the defendant did knowingly and intentionally, conspire, confederate, agree, and have a tacit understanding with other persons to distribute and possess with intent to distribute two hundred eighty (280) grams or more of cocaine base, a Schedule II controlled substance. Counts 2, 3, 5, 6, 7, 8, 10 and 11 charged the defendant with distribution of a quantity of cocaine base on dates in March and April 2011 in violation of 21 U.S.C. § 841(a)(1). Count 4 charged the defendant with distribution of a quantity of cocaine base and aiding and abetting on March 14, 2011, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Counts 9 and 12 charged the defendant with Distribution of a Quantity of Cocaine Base and Aiding and Abetting on April 6, 2011 and April 14, 2011 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Ms. Baker was convicted after a three-day trial of conspiracy to distribute and possess with the intent to distribute more than 280 grams of cocaine base, in violation of 21 U.S.C. § 846, and nine counts of distribution of cocaine base, in

2

violation of 21 U.S.C. § 841(a)(1). The jury acquitted her of two counts of distribution of crack. Ms. Baker was sentenced to life imprisonment.

On September 26, 2013 this Court issued an unpublished opinion vacating the sentence and remanding for resentencing. *United States v. Baker*, 539 Fed. Appx. 299 (4th Cir. 2013). A sentencing on remand was held on September 3, 2014 for Ms. Baker. The court sentenced Ms. Baker to 360 months on Count 1 and 240 months per count for counts 2 through 5 and 7 through 11. The counts were ordered to be run concurrently for a total term of 360 months. Notice of Appeal was filed on September 9, 2014.

## **STATEMENT OF THE FACTS**

This appeal is from a resentencing hearing ordered by this Court in September 2013. In its opinion, this Court found that testimony at Baker's June 2013 trial established she sold crack from her home between 2002 and 2011. Government witnesses included two customers and several suppliers. In the presentence report, nineteen kilograms of crack were attributed to Baker based on written estimations by her suppliers of the amounts sold to her. *United States v. Baker* at 301. At the 2012 sentencing hearing, the government asserted the

testimony and written statement of Wayne Vick were inconsistent. The government argued that his testimony supported a finding that he supplied Baker with six kilograms of crack rather than the fourteen asserted in the presentence report. The district court found a base offense level of 38 applied, without making specific findings. *Id.* This Court vacated the sentence and remanded for a new sentencing hearing, holding that the district court's factual finding that Baker was responsible for 8.4 kilograms of crack was unsupported by reliable evidence. *Id*. at 303.

Prior to the re-sentencing the probation officer issued a supplemental memo which summarized this Court's opinion, but did not alter the probation officer's calculation of weights attributable to Baker by various witnesses. (J.A. p. 145) Neither the Government nor the Defendant called witnesses at the resentencing. Defense counsel argued that this Court's finding that Wayne Vick's testimony was vague, inconclusive and inconsistent rendered his testimony unreliable. Counsel concluded that unreliable evidence could not be used to support a finding by the preponderance of the evidence. (J.A. pp. 77-78) The Government responded that the calculation set forth in its sentencing memo was an extremely conservative estimate. (J.A. p. 79) The parties next discussed quantities attributed to Baker by Malcolm Dowdy. Defense counsel pointed out that the prior amount and the

4

amount reviewed by the Fourth Circuit was 2.4 kilograms. This Court's opinion noted that the 2.4 kilograms amount was not contested by the Defendant on appeal. Defense counsel suggested the Government should not be able to recalculate the Dowdy amount to 5.4 kilograms. (J.A. p. 81) The court accepted the Government's position and attributed 2.2 kilograms from Wayne Vick and 5.4 kilograms from Dowdy. (J.A. p. 84) Defense counsel also objected to the weight attributions based on James Vick, Michael Williams and Michael Borrelll. (J.A. p. 84)) Counsel pointed out that Borrell testified he bought from individuals in addition to Baker, but he did not testify to the frequency of the transactions or how much he purchased from the other individuals. (J.A. pp. 86-87).

    The court concluded it believed the total drug weight to be 8.2 kilograms. (J.A. p. 88) The court explained it arrived at the offense level by finding the drug weight would be a base level of 36, adding two points for possessing a firearm and two points for obstruction. Adding the enhancements to the base level resulted in an offense level of 40. Baker's criminal history category was III. The court sentenced Baker to 360 months on the conspiracy count and 240 months concurrent on the remaining counts, each of which was capped at 20 years by statute. (J.A. p. 96).

## SUMMARY OF ARGUMENTS

**Issue I**.

The District Court committed procedural error at the re-sentencing hearing by failing to estimate a drug quantity attributable to the defendant based on reliable information. Drug weights based on vague, inconclusive and inconsistent trial testimony should have been excluded.

## ARGUMENT

I. **THE DISTRICT COURT VIOLATED BAKER'S CONSTITUTIONAL RIGHT TO DUE PROCESS BY ATTRIBUTING TO HER A QUANTITY OF DRUGS BASED ON EVIDENCE WHICH DID NOT BEAR SUFFICIENT INDICIA OF RELIABILITY.**

A. Standard of Review

This Court reviews sentences for procedural and substantive reasonableness under an abuse of discretion standard." *Gall v. United States,* 552 U.S. 38, 51 (2007). The district court's factual findings are reviewed for clear error. *United States v. Llamas*, 599 F.3d 381, 387 (4th Cir. 2010). Under the clear error standard of review, this Court will reverse "only if . . . left with the definite and firm conviction that a mistake has been committed." *United States v. Jeffers*, 570 F.3d 557, 570 (4th Cir. 2009)

6

B.  Discussion

1.  Witness Testimony Did Not Support The Amounts Attributed To Baker.

This Court found "the amount of crack Wayne Vick supplied to [the defendant] was inconsistent and the inconsistency was not resolved by the district court, with the result that the district court's finding concerning the drug amount was inadequate." *Baker* at 302. Wayne Vick's trial testimony was so vague it indicated he had little, if any, memory of how long he had been selling drugs to Baker or what quantity of drugs he sold to her. When asked how the drug dealing began, Vick responded: "About in '02—I don't know." (J.A. p. 24). Later when he was asked specifically about frequency and amounts, Vick testified:

> Q. And how often was she coming up to see you?
>
> A. Every one or two or three weeks.
>
> Q. When she would come up, how much would you typically front to her?
>
> A. One or two ounces.
>
> Q. All right. So one or two ounces of what?
>
> A. A week or every week or two.

(J.A. p. 26) Vick could not remember if the sales were weekly, biweekly or even every three weeks. Later in his testimony Vick indicated he sold to Baker for a

7

couple years, "from '02 through probably '07, '08." (J.A. p. 27) Based on this testimony, the government argued that the amount attributable to Baker from Vick was one ounce every three weeks for five years, or 80 ounces of crack. (J.A. p. 79)

Defense counsel argued that as this Court had found Vick's testimony to be unsupported by reliable evidence (*Baker* at 303), the district court should understand this Court to imply that Vick's testimony could not meet the preponderance of the evidence standard. Counsel argued that the 2.2 kilograms attributed through Wayne Vick to Baker should not be considered as part of the quantity used to determine the total base offense level. (J.A. p. 78) The court disagreed with defense counsel and found that the government's calculation was accurate by a preponderance of the evidence. (J.A. p. 83) The court did not make findings as to how it was possible to arrive at an accurate quantity when the witness testified he did not know what year he began selling to the defendant, what amounts he sold or for how many years he made the sales.

Defendant also objected to the Government's addition of 3.2 kilograms to the amount attributed to sales by Dowdy. (J.A. p. 81) Instead, Defendant agreed with the 2.4 kilogram amount attributed to Baker through Dowdy in the first sentencing. (J.A. pp. 79-80) Defendant objected to any amount attributed to Baker

8

based on Michael Burrell as Burrell had testified that Baker was not his only customer and he had failed to testify to any specific amount. (J.A. pp. 84-85)

2. Sentencing Cannot Be Based On Calculations Of Drug Quantities That Are Merely Speculative

If the defendant objects to a quantity recommended in a presentence report, the district court must make an independent resolution of the factual issues raised by the objection." *United States v. Williams*, 152 F.3d 294, 300-01 (4th Cir. 1998) The Government bears the burden of proof to establish the quantity of drugs attributed to a Defendant by a preponderance of the evidence. *United States v. Jones*, 31 F.3d 1304, 1316 (4th Cir. 1994). The Sentencing Guidelines note that judges must limit consideration to information that has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a), comment, citing to *United States v. Watts*, 519 U.S. 148, 157 (1997). A defendant has a due process right at sentencing to not be sentenced on the basis of "misinformation of a constitutional magnitude." *United States v. Bowman*, 926 F.2d 380, 382 (4th Cir. 1991*), quoting United States v. Tucker,* 404 U.S. 443, 447 (1972).

Estimates of drug quantity are an acceptable method in which to calculate relevant conduct so long as the estimates are based on information that has

9

sufficient indicia of reliability. *United States v. Uwaeme*, 975 F.2d 1016, 1021 (4th Cir. 1992) Sentencing cannot be based on calculations of drug quantities that are merely speculative. *See e.g.*, *United States v. Brazel*, 102 F.3d 1120, 1159 n. 32 and 33 (averaging the quantity of drugs by "rounding down"), 1160, 1161 n. 34 (11th Cir.), cert. denied, 522 U.S. 822 (1996); *United States v. Paulino*, 996 F.2d 1541, 1545 (3d Cir. 1993) (stating that the need to estimate drug quantity "is not a license to calculate drug amounts by guesswork"); *United States v. Zapata*, 139 F.3d 1355, 1359 (11th Cir. 1998) (rejecting a finding of drug quantity involving "rounding up").  The "factual evidence relied upon [by the sentencing court] must 'have some minimal indicium of reliability beyond mere allegation.'" *United States v. Hicks,* 948 F.2d 877, 883 (4th Cir. 1991). The Government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which the defendant is held accountable at sentencing. *United States v. Goff*, 907 F.2d 1441, 1444 (4th Cir. 1990) Once the Government has presented evidence, the district court must either: (1) make an explicit factual finding as to the allegation; or (2) determine that no such finding is necessary because the matter controverted will not be taken into account in sentencing the defendant.

10

3. <u>If The Quantities Which Were Not Shown By A Preponderance Of The Evidence Are Not Part Of The Calculation, Baker's Base Level Would Be 34, Not 36</u>

In this case the weights attributed to Wayne Vick cannot be found to rise above speculation, as: 1) Vick did not know what year he began selling drugs to Baker; 2) he did not remember how frequently he sold drugs to her; and 3) he did not remember how many years he sold drugs to her. While the Government asserted that its estimate was the most conservative possible, it is not. As Vick did not remember when he started selling drugs and could only estimate that the sales lasted for several years, the Government's use of five years is speculation. Any attempt to quantify sales when the seller cannot remember the number of years, the frequency of visits or the amounts sold cannot meet the Government's burden of providing evidence with some minimal indicium of reliability. The amounts attributed to Baker from Borrell were also speculative. Defense counsel pointed out that Borrell testified he bought from individuals in addition to Baker, but he did not testify to the frequency of the transactions or how much he purchased from each individual. (Tpp. 13-14). Without more information concerning how much Borrelll sold to other individuals or what quantities he sold to Baker his testimony does not meet the standard of having "sufficient indicia of reliability to support" the accuracy of the calculation. *Hicks* at 883.

Defendant objected to the Government's recalculation of the weights attributed to her from Dowdy's testimony on appeal. At the first sentencing, the court found the weight to be 2.4 kilograms. In its brief, the Government recalculated and added 3.2 kilograms to the Dowdy weight for a total of 5.4 kilograms. Defendant objected to "the government getting to recalculate on the–on the back end for—for a defendant." (Tp. 8)

Arriving at attributable drug quantities from testimony that was vague and inconclusive, that lacked any quantity specified and that was an increase from the government's calculation at the first sentencing was prejudicial to Baker. If the testimony of Vick and Burrell were found to be insufficiently reliable to base any drug amount and the weight attributed to Dowdy were scaled back to that settled in the first sentencing (2.4 kg), the base offense level would be 34 instead of 36.

## **CONCLUSION**

For the reasons given above, counsel for defendant petitions this Court to vacate Defendant's sentence and for any other such relief that the court may deem just and proper.

## **STATEMENT REGARDING ORAL ARGUMENT**

Defendant does not request oral argument unless the Court believes such argument would aid the decisional process.

Respectfully submitted, this the 12th day of January 2015.

/s/ Marilyn G. Ozer
N.C. Bar # 18360
Massengale & Ozer
211 North Columbia Street
Chapel Hill, NC 27514
(919) 967-8555
redwood@nc.rr.com

<strong>UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT</strong>

**No.** _____      **Caption:** _____

<strong>CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)</strong><br>
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ ]   this brief contains _____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]   this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ ]   this brief has been prepared in a proportionally spaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*]; **or**

   [ ]   this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) _____

Attorney for _____

Dated: _____

04/13/2012
SCC

## **CERTIFICATE OF SERVICE**

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this January 12, 2015, filed the required copies of the foregoing Brief of Appellant in the Office of the Clerk of the Court, via hand delivery and have electronically filed the Brief of Appellant using the Court's CM/ECF system which will send notification of such filing to the following counsel:

Jennifer P. May-Parker,
Assistant U. S. Attorney
OFFICE OF THE UNITED STATES ATTORNEY
Federal Building, Suite 800
310 New Bern Avenue
Raleigh, NC 27601-1461
Direct: 919-856-4530
Email: jennifer.may-parker@usdoj.gov

/s/ Marilyn G. Ozer
N.C. Bar # 18360